UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| RYAN SKIPPLE, an individual,<br><br>              Plaintiff,<br><br>      v.<br><br>PEPSICO BEVERAGE SALES, LLC, a limited liability company; and DOES 1 through 20, inclusive,<br><br>              Defendants. | No. 2:24-cv-01046 WBS CKD<br><br>ORDER RE: MOTION TO REMAND |

----oo0oo----

        Plaintiff Ryan Skipple brought eight state law claims against defendant Pepsico Beverage Sales, LLC in Sutter County Superior Court, all of which center on allegations that defendant failed to accommodate and unlawfully terminated plaintiff for a shoulder injury that he sustained while performing his work duties.  (Compl. (Docket No. 1 Ex. 1).)  Defendant then removed to this court based on diversity jurisdiction.  (Notice of Removal (Docket No. 1).)  Plaintiff now seeks to remand back to state court.  (Mot. (Docket No. 10).)

1

Specifically, plaintiff contends that defendant failed to establish that the $75,000 amount-in-controversy requirement is satisfied. See 28 U.S.C. § 1332. (See generally Mot.)  The Ninth Circuit has held that "the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 414-15 (9th Cir. 2018).  "[W]hen the defendant's assertion of the amount in controversy is challenged by plaintiffs in a motion to remand, the Supreme Court has said that both sides submit proof and the court then decides where the preponderance lies." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1198 (9th Cir. 2015) (citing Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 88-89 (2014)).  Proof "includes affidavits, declarations, or 'other summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Sifuentes v. Roofline, Inc., No. 2:20-CV-00052 WBS KJN, 2020 WL 1303796, at *1 (E.D. Cal. Mar. 19, 2020) (citing Ibarra, 775 F.3d at 1197). See also Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648-49 (9th Cir. 2016) (amount in controversy includes "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes").

**Back pay.**  Plaintiff alleges that he was a full-time employee and is entitled to past lost wages. (Compl. ¶¶ 16, 28-29.)  Defendant asserts potential back pay of **$46,740,** derived as follows: (i) construing "full-time" to mean roughly 40 hours worked per week; (ii) there being roughly 50 weeks between the

1  date of plaintiff's allegedly wrongful termination (id. ¶ 16
2  (April 25, 2023)) and the date of removal (Not. of Removal (April
3  8, 2024)); and (iii) plaintiff's hourly wage at the time of his
4  termination being $23.37 (Sun Decl. (Docket No. 4) ¶ 8).
5  Accordingly, $23.37 per hour x 40 hours per week x 50 weeks =
6  $46,740.

7       Plaintiff does not seriously challenge this estimated
8  amount of back pay.  (See Mot. at 10.)   Instead, plaintiff merely
9  argues in reply, without supporting evidence, that the amount is
10 "speculative" because plaintiff "was on medical leave and had
11 relocated to Tennessee during his recovery."  (Reply (Docket No.
12 17) at 3.)  However, this runs contrary to the allegations in
13 plaintiff's complaint that he is and was at all relevant times a
14 Yuba County resident (Compl. ¶ 2) and is entitled to back pay
15 without qualification (id. ¶¶ 28-29).

16      Taking together the allegations on the face of the
17 complaint and the preponderance of the evidence submitted by
18 defendant in relation to the instant motion, the court concludes
19 that at least $46,740 in back pay is in controversy here.

20      **Attorneys' fees.**  The Ninth Circuit has held that "the
21 amount in controversy includes all relief claimed at the time of
22 removal to which the plaintiff would be entitled if she
23 prevails."  Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 418
24 (9th Cir. 2018).  This includes claimed relief in the form of
25 attorneys' fees.  See Galt G/S v. JSS Scandinavia, 142 F.3d 1150,
26 1156 (9th Cir. 1998) ("where an underlying statute authorizes an
27 award of attorneys' fees, either with mandatory or discretionary
28 language, such fees may be included in the amount in

1 controversy"); see also Fritsch v. Swift Transportation Co. of
2 Arizona, LLC, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must
3 include future attorneys' fees recoverable by statute or contract
4 when assessing whether the amount-in-controversy requirement is
5 met.").

6      For claims brought under brought under the Fair
7 Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12900-
8 12996, the court may award attorneys' fees to the prevailing
9 party at its discretion.  Cal. Gov. Code § 12965(b).  Plaintiff
10 asserts several claims under FEHA and requests attorneys' fees
11 under FEHA's fee provision seven different times.  (See Compl. ¶¶
12 46, 58, 64, 76, 84, 92, 101.)  In addition, plaintiff brings no
13 evidence, authority, or arguments on why, despite his request for
14 attorneys' fees in the complaint, the court's discretion would
15 nonetheless be better exercised by declining to award him
16 attorneys' fees under FEHA were he to prevail at trial.
17 Accordingly, the court will include attorneys' fees in its
18 calculation of the amount in controversy.

19      The next question is: how much?  As this court has
20 previously noted, "[c]ourts have 'held that a reasonable rate for
21 employment cases is $300 per hour' and '100 hours is an
22 appropriate and conservative estimate' of the number of hours
23 expended through trial for an employment action."  Adkins v. J.B.
24 Hunt Transp., Inc., 293 F. Supp. 3d 1140, 1148 (E.D. Cal. 2018)
25 citing Sasso v. Noble Utah Long Beach, LLC, No. CV 14-09154-AB
26 AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015)).
27 Accordingly, the court concludes that at least **$30,000** in
28 attorneys' fees is in controversy here, and that plaintiff's

requested back pay and attorneys' fees alone exceed the $75,000 amount-in-controversy threshold.[1]

   IT IS THEREFORE ORDERED that plaintiff's motion to remand (Docket No. 10) be, and the same hereby is, DENIED.[2]

Dated: June 11, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] The court therefore need not consider the parties' arguments regarding the amounts in controversy as to front pay, emotional distress damages, or punitive damages.

[2] The hearing on this motion, currently scheduled on June 24, 2024, is hereby VACATED, and plaintiff's request for a telephonic/remote appearance (Docket No. 18) is accordingly DENIED as moot. Defendant's request for judicial notice (Docket No. 14) is also DENIED as moot.